UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANE A. SCHWARTZ                                          CIVIL ACTION

VS.                                                       NO. 2:17-cv-06884

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## COMPLAINT

The Complaint of Jane A. Schwartz respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Jane A. Schwartz**, of lawful age and a resident of Bessemer, Alabama, is a plan participant and beneficiary of an ERISA plan created by her employer, Samford University and an insured participant of a group disability policy issued by The Lincoln National Life Insurance Company.

4. Defendant, **The Lincoln National Life Insurance Company** ("Lincoln National"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Lincoln National is incorporated in Fort Wayne, Indiana and its principal place of business is in the state of Indiana.

5. Lincoln National issued a group policy, No. 000010105013, insuring the employees of Samford University. The Plan granted the administrator, Samford University, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

8. Plaintiff was forced to stop working on July 23, 2015 due to pancreatic cancer. She underwent a whipple procedure and had the pancreatic head removed. She then began chemotherapy treatment and underwent 18 treatments. She suffers from the following debilitating conditions that result from the whipple procedure and her chemotherapy treatment: abdominal pain, dumping syndrome, chronic pain, chronic fatigue, decreased ability to concentrate, nausea, vertigo, tremors, malabsorption.

9. Plaintiff's doctors have been fully supportive of her disability claim. They have explained to Lincoln that she is unable to return due to work due to ongoing effects of her cancer, the chemotherapy, and the whipple procedure, as well as the increased risk of her cancer reoccurring due to exposure to workplace stress.

10. Lincoln denied her claim for long term disability benefits.

11. Plaintiff appealed the denial of her claim providing updated medical records, statements from her doctors, letter from her husband, the Social Security Administration's decision that Plaintiff is disabled under SSDI guidelines, and medical literature, all of which supported her inability to return to work. Plaintiff also attached medical literature explaining that pancreatic cancer survivors have a low rate of survival and a very high rate of reoccurrence.

12. Lincoln denied her appeal, relying on a peer reviewing doctor who opined that Plaintiff would be able to return to work. The peer reviewing doctors allegedly spoke to Plaintiff's doctors, but he misrepresented what was said during the conversations he had with treating doctors.

13. Plaintiff submitted a second appeal of the denial of her first appeal in which she submitted statements from her doctors indicating that the peer reviewing doctor Lincoln hired on appeal misquoted their statements in the report that he had written.

14. Lincoln denied the second appeal by relying on the opinion of an in-house nurse consultant who disagrees with Plaintiff's doctors work restrictions.

15. Plaintiff is disabled under the terms of the disability policy issued by Lincoln National.

16. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

17. After receiving the denial of her second appeal, her doctors discovered that her cancer had returned, and she is now suffering from aggressive Stage 4 cancer.

18. Plaintiff provided Lincoln National with updated medical records demonstrating that her cancer has returned and spread into her stomach that her doctors have prescribed palliative treatment at this point. Plaintiff also requested that Lincoln National reconsider the denial and approve her benefits in light of her cancer's reoccurrence.

19. Lincoln National unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

20. Plaintiff appealed the denial, but Lincoln upheld its previous decision.

21. Lincoln National's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

22. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Lincoln National's denial of benefits.

23. Lincoln National has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

24. Lincoln National has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

25. Lincoln National has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

26. Lincoln National administered Plaintiff's claim with an inherent and structural conflict of interest as Lincoln National is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Lincoln National's assets.

27. Lincoln National has failed to give the policy and Plan a uniform construction and interpretation.

28. As a routine business practice, Lincoln National uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

29. Lincoln National's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

30. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

31. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

32. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                                        Respectfully submitted,

                                        <u>/s/ Reagan Toledano</u>
                                        Willeford & Toledano
                                        Reagan L. Toledano (La.29687)(T.A.)
                                        James F. Willeford (La. 13485)
                                        201 St. Charles Avenue, Suite 4208
                                        New Orleans, Louisiana 70170
                                        (504) 582-1286; (f) (313)692-5927
                                        rtoledano@willlefordlaw.com